# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF WISCONSIN

---

BENSHOT, LLC, a Wisconsin Limited
Liability Company,

       Plaintiff,

v.                                    Case No.:

K-2 INDUSTRIES, INC., a New York
Corporation,

       Defendant.

---

# COMPLAINT

---

Plaintiff BenShot, LLC, a Wisconsin Limited Liability Company ("BenShot"), by its attorneys, as and for its Complaint against Defendant K-2 Industries, Inc., a New York Corporation doing business as Pavilion Gift Company ("Pavilion"), allege as follows:

1.      This is an action for infringement of BenShot's United States Design Patent No. D859,082 under the Patent Act, 35 U.S.C. § 271, based on Pavilion's unauthorized commercial manufacture, use, importation, offer for sale, and sale of at least the Work, Green, Life, Full Swing, Out Golfing, Dad Par, Grandpa Par, Queen of the Green, Best Friend, and/or Legend 15 oz Golf Ball glasses in the United States.

## JURISDICTION

2.      This court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

3.     Personal jurisdiction over Pavilion is proper in this District because it has derived substantial revenue from the sales of the Work, Green, Life, Full Swing, Out Golfing, Dad Par, Grandpa Par, Queen of the Green, Best Friend, and/or Legend 15 oz Golf Ball glasses in Wisconsin, and it conducts business in this judicial district through purposeful, continuous, and systematic contacts, including by offering to sell, selling, and promoting the products which are subject to the claims alleged below.

## VENUE

4.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b) because Pavilion is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to BenShot's claims occurred in this judicial district.

## PARTIES

5.     BenShot is a family-owned business in Appleton, Wisconsin, and has manufactured and sold unique drinking glass designs since 2015 with an emphasis on providing products made in the USA and creating sustainable jobs in the local community.

6.     In 2017 BenShot invented and started selling a drinking glass design comprising a golf ball embedded in the side of a drinking glass via an indentation in the glass and shown by the representative examples below.



7.      BenShot obtained United States Design Patent No. D859,082 on the design and within a short period of time BenShot's unique design became extremely popular throughout the United States.

8.       Upon information and belief, Pavilion is a corporation formed under the laws of New York with a principal business address of 8210 Buffalo Road, Bergen, New York 14416.

9.      Upon information and belief, Pavilion owns and controls the website located at URL: paviliongift.com and has sold or does sell / offer for sale at least one of the Work, Green, Life, Full Swing, Out Golfing, Dad Par, Grandpa Par, Queen of the Green, Best Friend, and/or Legend 15 oz Golf Ball glass to consumers through this website.

10.     Upon information and belief, Pavilion has sold or does sell / offer for sale at least the Legend and/or Work 15 oz Golf Ball glass to businesses in the United States for resale to consumers.

## FACTS
### The Asserted Design Patent

11.     United States Design Patent Number D859,082 ("**Sphere Device**"), entitled Sphere Device, was duly and legally issued on September 10, 2019, and names Ben Wolfgram as

the inventor and BenShot as the applicant. Attached as Exhibit 1 is a true and correct copy of Sphere Device.

12.     The Sphere Device claims the ornamental design for a sphere device as shown and described in the patent.

13.     BenShot is the owner and assignee of the entire right, title, and interest in the Sphere Device.

**The Accused Products**

14.     Pavilion has and continues to make, and use, and sell, and offer for sale the Work, Green, Life, Full Swing, Out Golfing, Dad Par, Grandpa Par, Queen of the Green, Best Friend, and/or Legend 15 oz Golf Ball glass in the United States and import the Work, Green, Life, Full Swing, Out Golfing, Dad Par, Grandpa Par, Queen of the Green, Best Friend, and/or Legend 15 oz glass into the United States.

15.     As shown below, the Work 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.

4

| Sphere Device | Work 15 oz Golf Ball Glass |
|---|---|
|  FIG. 1 | |

16.     An ordinary observer or purchaser would find the overall design of the Sphere Device and the Work 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Work 15 oz Golf Ball Glass. For example, the Work 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

17.     As shown below, the Green 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.

| Sphere Device | Green 15 oz Golf Ball Glass |
|---|---|
|  | |

18.     An ordinary observer or purchaser would find the overall design of the Sphere Device and the Green 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Green 15 oz Golf Ball Glass. For example, the Green 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

19.     As shown below, the Life 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.

| Sphere Device | Life 15 oz Golf Ball Glass |
|:---:|:---:|
|  | |

20.     An ordinary observer or purchaser would find the overall design of the Sphere Device and the Life 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Life 15 oz Golf Ball Glass. For example, the Life 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

21.     As shown below, the Full Swing 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.

| Sphere Device | Full Swing 15 oz Golf Ball Glass |
|---|---|
|  FIG. 1 | |

22. An ordinary observer or purchaser would find the overall design of the Sphere Device and the Full Swing 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Full Swing 15 oz Golf Ball Glass. For example, the Full Swing 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

23. As shown below, the Out Golfing 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.

| Sphere Device | Out Golfing 15 oz Golf Ball Glass |
|:---:|:---:|
|  | |

24.     An ordinary observer or purchaser would find the overall design of the Sphere Device and the Out Golfing 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Out Golfing 15 oz Golf Ball Glass. For example, the Out Golfing 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

25.     As shown below, the Dad Par 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.

| Sphere Device | Dad Par 15 oz Golf Ball Glass |
|---|---|
|  FIG. 1 | |

26.     An ordinary observer or purchaser would find the overall design of the Sphere Device and the Dad Par 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Dad Par 15 oz Golf Ball Glass. For example, the Dad Par 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

27.     As shown below, the Grandpa Par 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.

10

| Sphere Device | Grandpa Par 15 oz Golf Ball Glass |
|:---:|:---:|
|  | |

28. An ordinary observer or purchaser would find the overall design of the Sphere Device and the Grandpa Par 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Grandpa Par 15 oz Golf Ball Glass. For example, the Grandpa Par 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

29. As shown below, the Queen of the Green 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.

| Sphere Device | Queen of the Green 15 oz Golf Ball Glass |
|---|---|
|  | |

30.     An ordinary observer or purchaser would find the overall design of the Sphere Device and the Queen of the Green 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Queen of the Green 15 oz Golf Ball Glass. For example, the Queen of the Green 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

31.     As shown below, the Best Friend 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.



| Sphere Device | Best Friend 15 oz Golf Ball Glass |
|:---:|:---:|
| FIG. 1 | |

32. An ordinary observer or purchaser would find the overall design of the Sphere Device and the Best Friend 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Best Friend 15 oz Golf Ball Glass. For example, the Best Friend 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

33. As shown below, the Legend 15 oz Golf Ball Glass includes key features from/is the same as the design claimed in the Sphere Device.

| Sphere Device | Legend 15 oz Golf Ball Glass |
|---|---|
|  | |

34.     An ordinary observer or purchaser would find the overall design of the Sphere Device and the Legend 15 oz Golf Ball Glass substantially similar and mistakenly purchase the Legend 15 oz Golf Ball Glass. For example, the Legend 15 oz Golf Ball Glass has an object representing a golf ball embedded in the side of a pint glass.

35.     Pavilion has known of the existence of the Sphere Device since at least June 19, 2025, when BenShot sent a cease and desist letter to Pavilion regarding infringement of the Sphere Device. A copy of the letter sent is attached as Exhibit 2.

36.     No response was received from Pavilion in regard to the June 19, 2025, letter.

37.     On information and belief, Pavilion was aware of Sphere Device prior to June 19, 2025.

38.    Pavilion sells, offers for sale, and has sold the Legend 15 oz Golf Ball Glass to at least one third party, Hallmark Cards, Inc. or a third party in a contract with Hallmark Cards, Inc. which sells the product in their retail store(s).

39.    Pictures, as of June 18, 2025, of at least the Legend 15 oz Gold Ball Glass offered for sale at a Hallmark branded store located at the Fox River Mall with an address of 4301 W Wisconsin Ave Ste 150 located in Appleton, WI 54913 Appleton, Wisconsin is shown below.

 

40.    Pavilion sells, offers for sale, and has sold the Work, Green, Life, Full Swing, Out Golfing, Dad Par, Grandpa Par, Queen of the Green, and/or Best Friend 15 oz Golf Ball glasses through its website, Paviliongifts.com. Exemplary printouts of listings on Paviliongifts.com as of June 18, 2025, is attached as pages 13 – 30 of Exhibit 2.

41. Pavilion sells, offers for sale, and has sold the Legend 15 oz Golf Ball glass through its website, Paviliongifts.com. An exemplary printout as of July 25, 2025, is attached as Exhibit 3.

42. Pavilion's willful acts have irreparably injured BenShot.

## COUNT ONE (Patent Infringement)

43. BenShot repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

44. Pavilion has been and is infringing the Sphere Device by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Work, Green, Life, Full Swing, Out Golfing, Dad Par, Grandpa Par, Queen of the Green, Best Friend, and/or Legend 15 oz Golf Ball glass in violation of 35 U.S.C. § 271(a).

45. Pavilion has been and is inducing infringement of the Sphere Device by actively and knowingly inducing others to make, use, sell, offer for sale, or import the Work, Green, Life, Full Swing, Out Golfing, Dad Par, Grandpa Par, Queen of the Green, Best Friend, and/or Legend 15 oz Golf Ball glass that embodies or uses the invention claimed in the Sphere Device in violation of 35 U.S.C. § 271(b).

46. Pavilions's infringement has been and continues to be knowing, intentional, and willful.

47.     Pavilion's acts of infringement of the Sphere Device have caused and will continue to cause BenShot damages for which BenShot is entitled to compensation pursuant to 35 U.S.C. §§ 284 or 289.

48.     Pavilion's acts of infringement of the Sphere Device have caused and will continue to cause BenShot immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. BenShot has no adequate remedy at law.

49.     This case is exceptional and, therefore, BenShot is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## JURY DEMAND

BenShot demands a trial by jury on all issues triable by a jury.

## REQUEST FOR RELIEF

**WHEREFORE**, BenShot requests judgment against Pavilion as follows:

50.     Adjudging that Pavilion has infringed / and actively induced infringement of the Sphere Device in violation of 35 U.S.C. § 271(a)  and 35 U.S.C. § 271(b);

51.     Granting an injunction and permanently enjoining Pavilion, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities, from infringing, contributing to the infringement of, or inducing infringement of the Sphere Device;

52. Directing that Pavilion recall from all distributors, retailers, or other recipients any and all infringing products sold or distributed by Pavilion and, upon recall, to deliver such goods up to BenShot's counsel for destruction or donation at Pavilion's costs;

53. Ordering Pavilion to account and pay damages adequate to compensate BenShot for Pavilions's infringement of Sphere Device, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

54. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

55. Awarding BenShot Pavilion's profits pursuant to 35 U.S.C. § 289;

56. Declaring this case exceptional and awarding BenShot its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

57. An order requiring Pavilion to pay BenShot punitive damages in an amount as yet undetermined caused by the foregoing acts of Pavilion; and

58. Awarding such other and further relief as this Court deems just and proper.

Dated this 6th day of August 2025.

Respectfully submitted,


By ___/s John M. Osmanski

John M. Osmanski
State Bar No. 1070386


**THEOREM LAW, LLC**

361 Fall Rd. #637
Grafton, WI 53024
Tel. 262-404-7026
E-mail: John@TheoremIP.com

Attorneys for Plaintiff,
BenShot, LLC